## A. Bernstein v. Margaret M. Curran.

1. JUDGMENT BY CONFESSION—*Must Follow the Cognovit.*—A cognovit or warrant of attorney for the confession of a judgment executed by A. Bernstein & Company will not authorize the confession of a judgment against A. Bernstein.

2. AMENDMENTS—*Of Judgments by Confession on Cognovits.*—The statute permits amendments at any stage of a case for the furtherance of justice, but only in cases where the court acquires jurisdiction, without a confession by the defendant or his attorney upon a cognovit or warrant of attorney.

Confession of Judgment, on a lease for rent. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed and remanded. Opinion filed December 24, 1901.

BLUM, BLUM & ROTHSCHILD, attorneys for appellant.

JOHN REID McFEE, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Appellant received a lease from appellee, the same running to him and he signing his name thereto as A. Bernstein & Company. The lease contained a power of attorney authorizing a confession of judgment for rent.

On the second of March, 1900, a confession of judgment was entered upon said lease against A. Bernstein & Company, a corporation. The cognovit upon which judgment was entered sets forth that A. Bernstein & Company, a corporation, comes and confesses there is due the plaintiff, etc. Thereafter, Abraham Bernstein asked the court to set aside the judgment and in support of the motion filed his affidavit setting forth, in effect, that he did not sign the lease nor is he doing business as a company or as a firm, but signed the lease and does business individually under the name of A. Bernstein & Company. Thereupon, upon motion of the plaintiff, the judgment was changed to one against Abraham Bernstein, instead of as it had been against A. Bernstein & Company, a corporation, and the defendant's motion to set aside the judgment was overruled.

While it is true that a motion to set aside a judgment by confession is considered upon equitable grounds and that the statute of amendments and jeofails permits amendments at any stage of a case for the furtherance of justice, it is the case that a court has, without a confession by the defendant or his attorney, no power to enter judgment by confession.

In the present case the cognovit which alone warranted the entry of a judgment by confession was not by any one who purported to represent A. Bernstein, but by one who appeared and confessed judgment only for A. Bernstein & Company, a corporation.

It is quite likely that upon the coming in of the affidavit made by appellant, an attorney might, upon the strength thereof and the lease, have confessed a judgment for A. Bernstein, but no one did.

The judgment against A. Bernstein is therefore unwarranted by any cognovit or confession and should have been set aside.

The judgment of the Circuit Court is reversed and the cause remanded.